IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>         Plaintiff,<br><br>    vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>         Defendants. | No. C 07-2836 TEH (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE AND/OR ALTER JUDGMENT<br><br>(Docket No. 8) |

On May 31, 2007, Plaintiff filed a motion to proceed in forma pauperis which was not accompanied by a complaint (docket no. 2). The application was not on the correct form and on that same day, the Clerk notified Plaintiff that he must pay the filing fee or a the Court's application to proceed in forma pauperis in thirty days or the action would be dismissed. The Clerk of the Court also notified Plaintiff that if he did not submit a complaint or petition within thirty days, the action would be dismissed (docket no. 1). Plaintiff did not file a complaint or petition.

On October 9, 2007, the Court dismissed this case without prejudice for failure to prosecute and to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and entered judgment. Plaintiff has filed a motion to vacate and/or alter judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure, on the ground that he mailed a complaint on May 1, 2007.

A motion to alter or amend judgment under Rule 59 must be made within ten days of entry of judgment. See Fed. R. Civ. P. 59(e). A motion for

1  reconsideration under Rule 59(e) "'should not be granted, absent highly unusual
2  circumstances, unless the district court is presented with newly discovered
3  evidence, committed clear error, or if there is an intervening change in the law.'"
4  McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted)
5  (en banc), cert. denied, 529 U.S. 1082 (2000).  A district court does not commit
6  clear error warranting reconsideration when the question before it is a debatable
7  one.  See id. at 1256.
8        Plaintiff has not demonstrated any grounds for relief under Rule 59.
9  Plaintiff's contention that either prison officials or the court clerk's office
10 intercepted his complaint is implausible in light of the court clerk's notice, dated
11 May 31, 2007, warning Plaintiff that he did not submit a complaint and that the
12 action would be dismissed if he did not submit a complaint within thirty days of
13 the notice (docket no. 1.)  Plaintiff subsequently submitted a declaration in
14 support of request to proceed in forma pauperis (docket no. 4) and another
15 application to proceed in forma pauperis (docket no. 5).  Plaintiff made no
16 mention of an earlier filed complaint in either of these pleadings.  Furthermore,
17 Plaintiff's motion was filed more than ten days after entry of judgment, and is
18 therefore untimely.  Fed. R. Civ. Proc. 59(e).  For these reasons, Plaintiff's
19 motion to vacate and/or alter the judgment is DENIED.  (Docket no. 8.)
20 SO ORDERED.
21 DATED:  06/20/08                    /s/ Thelton E. Henderson
                                       THELTON E. HENDERSON
22                                     United States District Judge

2